616 F.2d 462
 5 Fed. R. Evid. Serv. 751
 UNITED STATES of America, for the use of Leonard Tire
Company, a New Mexico Corporation, Plaintiff-Appellee,
v.
RAYCO, INC., a North Dakota Corporation, and Russell E.
Logan and Terry E. Logan, Individuals,
Defendants-Appellants.
 No. 79-1158.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Nov. 9, 1979.
Decided Feb. 27, 1980.
 
 Lyman G. Sandy, Poole, Tinnin & Martin, Albuquerque, N. M., for plaintiff-appellee.
 William F. Aldridge, Cohen & Aldridge, Albuquerque, N. M., for defendants-appellants.
 Before BARRETT, DOYLE and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App. P. 34(a); Tenth Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Leonard Tire Company, the use plaintiff, brought this action against Rayco, Incorporated, and its Miller Act sureties, see 40 U.S.C. § 270b, to recover compensation for tires and tire maintenance services. Leonard contended at trial that it provided the tires and services to Rayco for use in a government construction project, and compensation under the Miller Act, 40 U.S.C. § 270a, was therefore proper. Rayco insisted that the tires and services were supplied not for the government project, but to prepare Rayco's equipment for sale at an auction. The district court found in favor of Leonard and entered a judgment against Rayco and its sureties for compensation, costs and attorney fees. The only issue on appeal is whether the district court abused its discretion in excluding an exhibit offered by Rayco at trial because the exhibit had not appeared on a list required by the pretrial order.
 
 
 3
 Rayco argues, first, that the court went beyond its authority in unilaterally imposing on the parties an order to exchange exhibit lists. To the contrary, the pretrial order entered in this case, signed by Rayco's attorneys as "Approved," specially provided in paragraph XII:
 
 
 4
 This pre-trial order has been formulated with the cooperation of counsel for the respective parties, reasonable opportunity has been afforded counsel for corrections or additions prior to signing by the Court. Hereafter, this order will control the course of the trial . . . .
 
 
 5
 Record, vol. 1, at 154. This order required the exchange of exhibit lists. At a later conference, the court warned Rayco's counsel of the consequences of failure to comply with the filed pretrial order:
 
 
 6
 THE COURT: Now, I want copies of those lists, witness lists, exhibit lists, and whatnot. And tell your Dakota people, Mr. Aldridge, that if they don't comply, there may not be any trial, I'll just enter a default judgment. That will clear matters up
 
 
 7
 MR. ALDRIDGE: Yes, Your Honor.
 
 
 8
 THE COURT: Because the Magistrate indicates it's his belief there's been less than adequate cooperation from them, either with local counsel or with the Court and we're just we'll, of course, take whatever sanctions are necessary to see that the lawsuits are properly prepared and presented.
 
 
 9
 Record, vol. 3, at 7. The court's comments clearly refer to the terms of the pretrial order drafted by the parties.
 
 
 10
 Rayco attempts to distinguish this case from those in which the enforced pretrial order limited issues to be tried, rather than the evidence to be introduced. This distinction is specious. The same broad powers of enforcement inure to a pretrial order limiting exhibits. See Westric Battery Co. v. Standard Electric Co., 522 F.2d 986, 990 (10th Cir. 1975); Hoeppner Construction Co. v. United States, 287 F.2d 108, 112 (10th Cir. 1960); 6 C. Wright & A. Miller, Federal Practice & Procedure § 1525, at 589 (1971).
 
 
 11
 Finally, Rayco contends that if there were a valid pretrial order, it should have been amended at trial "to prevent manifest injustice." Fed.R.Civ. P. 16. However, the trial court could not have determined that any injustice would result, because Rayco did not tender the document, make an offer of proof, or provide the court with any indication of the document's importance. See Fed.R.Evid. 103(a)(2). Further, since it is not part of the record, we also are unable to determine that the contents of the exhibit were so central to Rayco's case that its exclusion prevented examination of the real issues. Cf. Central Distributors, Inc. v. M.E.T., Inc., 403 F.2d 943, 946 (5th Cir. 1968). Rayco did not protest the requirement of an exhibit list or seek to amend the pretrial order either before or during trial. Under the circumstances we will not consider these complaints raised for the first time on appeal. See United States ex rel. N.C. Ribble Co. v. Rayco, Inc., No. 79-1139 (10th Cir. June 12, 1979). The court's specific warning that dire consequences would follow the failure to submit an exhibit list makes us unsympathetic to Rayco's belated claim that its most critical piece of evidence was mistakenly overlooked during trial preparation. Rayco's conduct in unreasonably delaying and complicating the lawsuit,[1] worked a hardship upon Leonard that would have been compounded had the district court admitted a surprise exhibit or granted a continuance.
 
 
 12
 The record in this case and the arguments made on appeal convince us not only that there was no abuse of discretion by the district court, but also that the appeal by Rayco is frivolous. Pursuant to 28 U.S.C. § 1912 and Fed.R.App. P. 38, we award to Leonard double costs and attorney fees of $500.00.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 In deposition, Ray Clairmont, Rayco's president, admitted he was deliberately stalling the litigation to induce Rayco's subcontractors to press the Corps of Engineer to pay amounts allegedly owed