**HERZFELD & STERN, a partnership, Plaintiff-Appellee,**

v.

**Albert J. BLAIR, Jr., Defendant-Appellant.**

No. 83–2495.

United States Court of Appeals, Tenth Circuit.

July 30, 1985.

Gomer A. Evans, Jr., and Katherine McC. Vance, Tulsa, Okl., for defendant-appellant.

Studenny & Barkley, Tulsa, Okl., and Baer Marks & Upham, New York City, for plaintiff-appellee.

Before MOORE, SETH and McWILLIAMS, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 10(e). The cause is thereby submitted without oral argument.

This is an appeal from the denial of appellant's motions for new trial and for judgment notwithstanding the verdict. In the underlying action, plaintiff-appellee Herzfeld, a stockbroker, asserted defendant-appellant Blair had failed to pay for stock purchased for him by Herzfeld. Although Blair admitted the stock was purchased, and that he failed to pay, he defended on the ground that his purchase was fraudulently induced. Following trial to the court, the district judge entered extensive findings and conclusions deciding all issues in favor of Herzfeld and against Blair. Upon presentation of the motions underpinning this appeal, the court ruled there was no basis for relief. We affirm.

Blair, a businessman, who considers himself "a sophisticated investor," ordered 7,000 shares of the common stock of Specialized Systems, Inc. (S.S.I.). He did not pay for these shares because he claimed false representations were made to him by Gold, an employee of Herzfeld, about a product which Gold said was to be sold by S.S.I. The trial court found no false representations were made by Gold to Blair. Blair has failed to demonstrate these findings are clearly erroneous; therefore, they are binding upon this court. Fed.R.Civ.P. 52(a); *Colon-Sanchez v. Marsh,* 733 F.2d 78 (10th Cir.1984); *Anderson v. City of Bessemer City, N.C.,* —— U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

Blair attempts to avoid this result by arguing Gold did not tell him S.S.I. had not received approval of the Food and Drug Administration for the product. Blair claims this was an essential omission by Gold, and, consequently, Gold is guilty of half-truths which are tantamount to fraud. Blair argues the trial court erred by not finding this fact.

The argument is unpersuasive for a number of reasons. First, the alleged omission by Gold was not presented in the trial court. There is nothing in the pleadings, the pretrial order, the post-trial briefs, the proposed findings of facts, the arguments, or the evidence submitted by Blair to suggest Blair thought Gold had committed an act of fraud by making no disclosure about the FDA. The issue was not even raised in the appellant's docketing statement in this court. From all that appears in the record, this issue has been raised for the first time in the opening brief. Appellant makes a lame effort to obfuscate this fact by arguing in his reply brief: "It was error by the Trial Court to look to the credibility of the witnesses, after the Plaintiff admitted that the prime reason production and marketing were to be delayed was the permission of the Food and Drug Administration." (Reply Br., p. 6). Appellant cites no reference to the record in which this "admission" was made, and we have not been able to find any support for this bald assertion.

That brings us to the most fundamental basis for concluding appellant's argument is unpersuasive. Mindful of Blair's present contention regarding the lack of FDA approval, we have searched the record for evidence that Gold knew either FDA ap-

proval was necessary or that it had not been given. We have found none. While appellant freely asserts Gold had such knowledge, our reading of the record at the places cited by appellant fails to disclose such evidence. Moreover, as to other facts asserted by Blair, he has made citation after citation in which his references are at least inaccurate, if not totally misleading.

At base, there is simply no evidence indicating Gold knew of, let alone withheld, any information about the actions of the FDA. This issue has the substance of a puff of smoke; therefore, we will not address the legal arguments grounded upon it.

■ Given the total lack of substance to this appeal, the appellee seeks imposition of sanctions pursuant to Fed.R.App.P. 38 and 28 U.S.C. §§ 1912 and 1927 (1982). Appellant has made no response to the request in his reply brief.

Judgment was entered in the trial court on August 3, 1983. Taking advantage of the backlog of cases in this court, the appellant has been able to delay the effect of that judgment for two years solely through this frivolous appeal. He has not only denied the appellee satisfaction of its judgment, but he has also imposed upon this court. In addition, the way in which this case has been presented deserves special comment.

The many instances in which counsel's references to the record are contrary to what is found indicate that he has been either cavalier in regard to his approach to this case or bent upon misleading the court. In either event, his lack of good faith is manifest. These acts have added grievously to the frivolous nature of this appeal.

For these reasons, we believe sanctions are not only proper, they are also necessary. Yet, the onus of these sanctions should fall upon counsel who is responsible for this case and its presentation. Therefore, appellee is awarded double costs and reasonable attorney fees for this appeal. *Moulton v. Commissioner,* 733 F.2d 734 (10th Cir.1984); *Lamb v. Commissioner,* 733 F.2d 86 (10th Cir.1984); *United States v. Rayco, Inc.,* 616 F.2d 462 (10th Cir.1980). In accordance with 28 U.S.C. § 1927, these sanctions shall be imposed against counsel for the appellant. The judgment of the trial court is affirmed and the matter remanded for a hearing to determine the amount of attorney fees and costs to be awarded and entry of judgment in accordance with that determination.