1 F.3d 1249
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Walter RUOTI, Plaintiff-Appellee,
v.
Carol Ann MERCIER, fka Carol Ann Ruoti, Defendant-Appellant.
 No. 92-4147.
 United States Court of Appeals, Tenth Circuit.
 July 21, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 Carol Ann Mercier, Appellant, appeals from the district court's remand of her domestic relations case to state court. Alternatively, she seeks a writ of mandamus.
 
 
 2
 The State of Utah granted Appellant's divorce from Walter Ruoti, Appellee, in February 1991. In June 1992, Appellee filed a petition to modify the divorce decree in the Third District Court for Salt Lake County, Utah. In his petition, Appellee sought to have the state court review the issues of child custody and visitation rights following Appellant's remarriage and move to New York. Appellant removed the case to the federal court pursuant to 28 U.S.C. Sec. 1441. In her notice of removal, Appellant claimed removal was proper based on diversity and federal question jurisdiction. The district court, recognizing that removal was inappropriate because the court has no subject matter jurisdiction over domestic relations cases, remanded the case pursuant to 28 U.S.C. Sec. 1447(c).[1]
 
 
 3
 Section 1447(d) provides that a district court's order, remanding a case to the state court from which it was removed, is not reviewable on appeal. See also Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976) (remand under Sec. 1447(c) not subject to challenge by appeal to the court of appeals). The only exception to this general rule is when the original removal was pursuant to 28 U.S.C. Sec. 1443. Removals under Sec. 1443 must arise "under a federal law 'providing for specific civil rights stated in terms of racial equality'." Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (citation omitted).
 
 
 4
 Appellant cited to Sec. 1441, but she failed to cite Sec. 1443 in her notice of removal. We note she is proceeding pro se; therefore, we liberally construe her petition. See Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir.1991). In her notice of removal, Appellant claims that Appellee submitted a complaint containing false statements, and as a result, she was deprived of "her federally protected civil rights ... in the area ... of equal administration of justice." Despite Appellant's reference to "civil rights," she has clearly failed to invoke Sec. 1443 removal jurisdiction by failing to state a cognizable civil rights claim based on race. See Johnson v. Mississippi, 421 U.S. at 219. Thus, Appellant's attempted removal was pursuant to Sec. 1441 exclusively, and the district court's remand is not reviewable by this court.
 
 
 5
 Appellant's only argument supporting her assertion that removal was based on Sec. 1443 is that she filed an "Amended Notice of Removal" in district court which included Sec. 1443 as an alternative ground for removal. Although Appellant included a copy of this document as "Exhibit A" in her opening brief to this court, the record clearly reflects that no "Amended Notice of Removal" was ever filed in district court. Therefore, it appears that Appellant has intentionally attempted to mislead this court. In light of her lack of good faith, we believe a sanction of double costs may be appropriate. See Chambers v. Nasco, Inc., 111 S.Ct. 2123, 2132 (1991) (reaffirming courts' inherent power to impose sanctions when party has acted fraudulently or in bad faith); Braley, D.O. v. Campbell, M.D., 832 F.2d 1504, 1509 (10th Cir.1987) (same); Herzfeld & Stern v. Blair, 769 F.2d 645, 647 (10th Cir.1985) (sanction imposed for misleading or deceitful references in brief); Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir.1986) (sanctioning pro se litigant for misleading or deceitful acts).
 
 
 6
 The appeal is DISMISSED for lack of jurisdiction. Appellant is hereby ordered to show cause within 10 days from the filing of this order and judgment as to why the above sanction should not be imposed against her.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Because the district court properly determined it did not have subject matter jurisdiction, see Vaughan v. Smithson, 883 F.2d 63, 64 (10th Cir.1989) (per curiam) (federal courts lack jurisdiction over domestic relations matters), Appellant's alternative request for a writ of mandamus is denied. See Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 353 (1976) (writ of mandamus not available for remand authorized by removal statute)