33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 BOWLES FINANCIAL GROUP, INC., Plaintiff,
v.
STIFEL, NICOLAUS & COMPANY, INC., Defendant-Appellee.
Larry D. Bishop, Movant-Appellant.
 No. 93-6303.
 United States Court of Appeals, Tenth Circuit.
 Aug. 22, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BABCOCK,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BABCOCK, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Larry D. Bishop, attorney for Bowles Financial Group, appeals from an order imposing $5,124 in sanctions against him for violating Fed.R.Civ.P. 11 and 28 U.S.C. Sec. 1927. The issue is whether the district court abused its discretion in imposing the sanctions. We conclude it did not, and affirm.
 
 
 6
 Bowles was involved in an arbitration proceeding with defendant Stifel, Nicolaus and Company. On June 5, 1992, an arbitration panel awarded Bowles $300,000. On June 25, 1992, Stifel informed Bowles that it intended to appeal the award and, in accordance with Sec. 31 of the Municipal Securities Rulemaking Board (MSRB) Arbitration Code, had deposited $300,000 in an escrow account to be maintained by Boatmen's First National Bank of Oklahoma (the escrow agent). The escrow agreement provided in relevant part that the deposit was made for the purpose of securing and staying execution of the arbitration award. It contained the following conditions: 1) if an appeal of the award was not filed by September 1, 1992 (the "appeal date"), or was filed by Stifel but later withdrawn prior to a final court order disposing of the appeal, the escrow agent would deliver the funds to Bowles within two business days of the appeal date or of the withdrawal date; 2) if an appeal was filed by Stifel and not withdrawn, the deposit was to be held until entry of a final order disposing of the appeal.
 
 
 7
 On June 30, 1992, Bowles commenced an action in federal district court pursuant to 9 U.S.C. Sec. 9 to confirm the arbitration award. Stifel filed an answer on July 21, 1992, alleging as an affirmative defense that Bowles improperly submitted a settlement offer to the arbitration panel. On September 2, 1992, one day after the "appeal date," Stifel filed a motion to vacate the award. The district court entered a judgment confirming the award on February 26, 1993.
 
 
 8
 On March 5, 1993, Stifel moved to stay execution of the judgment confirming the award. It proposed to secure the stay with the escrow account plus additional funds to cover accrued interest. On March 8, the district court granted the motion. It ordered that as a condition of the stay Stifel maintain the escrow agreement presently in effect and submit a supersedeas bond identical to that attached to its motion for a stay of execution.
 
 
 9
 On March 29, 1993, Bishop requested that the escrow agent disburse the $300,000 to Bowles on the ground that Stifel filed its appeal of the arbitration award one day past the September 1, 1992, appeal date. When the escrow agent refused, Bishop commenced a state court action against it on Bowles' behalf. Stifel moved to have Bowles found in contempt for attempting to violate the stay order.
 
 
 10
 The district court directed Bowles to show cause why it should not be held in contempt. Bishop, on Bowles' behalf, responded by filing a motion for contempt against Stifel, claiming that Stifel had obstructed Bowles' attempt to enforce the escrow agreement which the district court had ordered Stifel to maintain.
 
 
 11
 Based on Bishop's representation that he would immediately dismiss the state court action, the court did not find Bishop or Bowles in contempt. However, it did find that Bishop had violated Rule 11 by signing a pleading interposed for an improper purpose, and Sec. 1927 by multiplying the proceedings unreasonably and vexatiously. It later found Stifel's fee request of $5,124 to be reasonable.
 
 
 12
 The district court found that Bishop violated Rule 11 by signing the motion to have Stifel found in contempt. The version of Rule 11 in effect at the relevant time[1] provided in part that every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record, and that this signature constitutes certification by the signer that the document "is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." A failure to make reasonable inquiry and a failure to make claims cognizable under the law can support a determination of an improper purpose under Rule 11. White v. General Motors Corp., 908 F.2d 675, 683 (10th Cir.1990), cert. denied, 498 U.S. 1069 (1991). "[A]n attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions." Id. at 680. We review all aspects of a district court's Rule 11 decision for abuse of discretion, Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990), and accord extreme deference to a district court's Rule 11 conclusions, Dodd Insurance Services, Inc. v. Royal Insurance Co. of America, 935 F.2d 1152, 1159 (10th Cir.1991).
 
 
 13
 Bishop argues that he had a reasonable basis for the contempt motion in that the escrow agreement required the escrow agent to deliver $300,000 to Bowles when Stifel did not file an appeal by the appeal date, and the stay order directed Stifel to maintain the escrow agreement. Stifel's interference with Bowles' attempt to enforce that agreement violated the court's stay order, he maintains.
 
 
 14
 Stifel relies on International Brotherhood of Electrical Workers v. Coral Electric Corp., 576 F.Supp. 1128, 1134 (S.D.Fla.1983), to argue that the affirmative defense included in its July 21, 1992, answer constituted its appeal for purposes of the escrow agreement, and the appeal therefore was timely. We conclude this single district court authority does not establish the law so clearly that Bishop unreasonably concluded Stifel's September 2, 1992, motion to vacate constituted its appeal under the escrow agreement.
 
 
 15
 This conclusion does not necessarily mean Bishop had a reasonable basis for his contempt motion against Stifel. "[C]ivil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous." Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir.1991). The stay order does not clearly and unambiguously order that Bowles have immediate access to $300,000 of the escrow account. Rather, it orders that the escrow agreement be maintained and that the escrow account be used as the basis for the supersedeas bond. Such a bond is intended to preserve the status quo while protecting the nonappealing party's rights pending appeal. Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir.1979). It would make no sense to conclude that the stay order granted Bowles immediate access to the very funds which were to be used for a bond pending appeal. Because Bishop had no reasonable basis for bringing the contempt motion against Stifel, the district court acted within its discretion in imposing Rule 11 sanctions.
 
 
 16
 The district court imposed Sec. 1927 sanctions for Bishop's attempt to collect the judgment and for his resisting sanctions. Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay costs incurred as a result thereof. Although the power to assess costs under Sec. 1927 must be strictly construed and utilized only in serious situations, this caution will not prevent the award of sanctions "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir.1987). We review for abuse of discretion. Griffen v. City of Oklahoma City, 3 F.3d 336, 342 (10th Cir.1993).
 
 
 17
 Bishop contends that although the stay order prohibited execution on the judgment, it did not preclude enforcement of Bowles' independent claim against the escrow agent for $300,000 of the escrow account. Bowles did not have a claim for $300,000 against the escrow agent independent of its judgment against Stifel. The supersedeas bond provided that the escrow account was to be used to satisfy the judgment if it was not otherwise satisfied. Payment to Bowles of the $300,000 escrow account would have satisfied most of the judgment. Thus, we conclude the district court did not abuse its discretion in imposing Sec. 1927 sanctions for Bishop's actions in attempting to collect the judgment. Bishop does not challenge the district court's ability to award costs and fees under Sec. 1927 for his resistance to sanctions.
 
 
 18
 The district court found Stifel's request for $4,721 in attorney's fees for bringing the contempt action and resisting Bishop's collection efforts, and $403 for preparing the application and brief for fees, to be reasonable. In determining the size of a Rule 11 sanction award, a district court must consider the reasonableness of the requested fees incurred because of the improper behavior, the minimum sanction necessary to deter the undesirable conduct, the offender's ability to pay, and other relevant factors. White, 908 F.2d at 684-85. Bishop maintains no monetary award is necessary to deter him. That Bishop presses the same baseless arguments on appeal in a fifty-page-long brief and twenty-five-page-long reply brief, and continues to insist that Stifel was in contempt of the stay order, illustrates the monetary sanction has not yet deterred him.
 
 
 19
 Bishop also claims the fee award was unreasonable because Stifel never had to respond to the contempt motion. The award included Stifel's fees incurred because of both the Rule 11 and Sec. 1927 violations. The documentation submitted by Stifel shows the requested fees were connected to the conduct for which Bishop was sanctioned.
 
 
 20
 Finally, Bishop contends the district court failed to make findings identifying the excess costs reasonably incurred by Stifel. The court agreed that Stifel's fees, which Stifel represented were necessary for the proper handling of the proceedings relating to Bishop's attempts to obtain the $300,000 escrow account, were reasonable. We conclude the size of the sanctions award was within the district court's discretion.
 
 
 21
 Stifel included in its appellate brief a request for costs and attorney's fees under Sec. 1927 and Fed.R.App.P. 38 for having to respond to Bishop's frivolous appeal. Bishop has not responded to the request, despite proper notice. See Braley, 832 F.2d at 1515. We find the appeal frivolous, and grant the motion.
 
 
 22
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Stifel's motion for costs and fees on appeal is GRANTED. The cause is REMANDED to the district court for a determination of reasonable attorney's fees to be assessed against Bishop.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Rule 11 was amended effective December 1, 1993