**PHILLIPS USA, INC., and William Felton & Company Pty., Limited, Plaintiffs,**

v.

**ALLFLEX USA, INC., Allflex Holdings, Limited, Allflex New Zealand, Limited, Allflex North American Holdings, Inc., Allflex, S.A., S.F.I.E., Allflex Group Holdings, Limited, Mirabelle Palmerston North, Limited, SFIE New Zealand, Limited, Runymede Eighteen, Limited, and N.J. Phillips, Pty., Limited, Defendants.**

No. 94–2012–JWL.

United States District Court, D. Kansas.

Feb. 3, 1995.

Paul P. Hasty, Jr., Richmond M. Enochs, Karl W. Kuckelman, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Phillips USA, Inc., William Felton & Co. Pty., Ltd.

Kathleen A. McNamara, Jolley, Walsh & Hager, P.C., Kansas City, MO, Dennis G. Martin, Jill M. Pietrini, C. Dickinson Hill, Blakely, Sokoloff, Taylor & Zafman, Los Angeles, CA, for Allflex USA, Inc., Allflex North American Holdings, Inc., Allflex S.A.

Kathleen A. McNamara, Jolley, Walsh & Hager, P.C., Kansas City, MO, Dennis G. Martin, C. Dickinson Hill, Blakely, Sokoloff, Taylor & Zafman, Los Angeles, CA, for Allflex New Zealand, Ltd.

William R. Sampson, Paul W. Rebein, Shook, Hardy & Bacon, Overland Park, KS, for defendant N.J. Phillips Pty., Ltd.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter comes before the court on the motion of N.J. Phillips Pty., Ltd., for an order for recovery of excessive costs and fees from counsel for plaintiffs (Doc. # 218). For the reasons set forth below, the motion is denied.

### I. Background

In 1992, Phillips USA, Inc. ("Phillips USA"), one of the two plaintiffs in this action, filed suit against N.J. Phillips Pty., Ltd. ("NJP"), and others in federal court in the Southern District of New York ("1992 action"). The suit was transferred to this district in July of 1992 and continued to run its course here until its complete dismissal in July of 1994.

In June of 1993, defendant NJP moved to dismiss Phillips USA's claims against it on the ground that they were barred by principles of res judicata. NJP contended that plaintiff's claims were precluded as a result of a previous suit brought by Phillips USA against NJP in the Federal Court of Australia, New South Wales District ("Australian action") which ultimately issued a judgment in Phillips USA's favor. In its order of July 30, 1993, this court held that the motion to dismiss was more properly treated as one for summary judgment and gave the parties an opportunity to provide additional filings. See *Phillips USA, Inc. v. Allflex USA, Inc.,* 150 F.R.D. 198, 198 (D.Kan.1993). Instead of responding with additional filings, Phillips USA moved to voluntarily dismiss the entire case without prejudice. NJP opposed the voluntary dismissal and moved for a dismissal of Phillips USA's claims against it with prejudice or, in the alternative, for the court to grant summary judgment in favor of NJP.

In December of 1993, the court denied Phillips USA's motion with respect to the claims against NJP, dismissed them with prejudice and, as an alternative ground for dismissal, granted NJP's motion for summary judgment. Upon reconsideration, however, the court vacated its prior order and allowed plaintiff additional time to complete discovery to respond to NJP's motion.[1] See *Phillips USA, Inc. v. Allflex USA, Inc.,* No. 92–2405, 1994 WL 123999 (D.Kan. March 15, 1994); *Phillips USA, Inc. v. Allflex USA, Inc.,* No. 92–2405, 1994 WL 171709 (D.Kan. Apr. 15, 1994). On July 19, 1994, the court granted NJP's motion for summary judgment finding that Phillips USA's claims against NJP were barred under the doctrine of res judicata. The court specifically found that Phillips USA had previously filed suit and recovered a judgment against NJP in Australia for the same cause of action. See *Phillips USA, Inc. v. Allflex USA, Inc.,* No. 92–2405–JWL, 1994 WL 398221 (D.Kan. July 19, 1994).

In the meantime, on January 7, 1994, Phillips USA and an additional plaintiff, William Felton & Company Pty., Ltd. ("William Felton & Company"), had filed the present action ("1994 action") against NJP and others alleging the same or similar claims as those brought in the 1992 action. The court or-

---

1. In ordering dismissal with prejudice of the claims against NJP, the court relied on a finding, which was in part erroneous, that Phillips USA failed to respond to NJP's summary judgment motion. In its motion for reconsideration, although conspicuously absent from any papers provided to the district judge in conjunction with its motion for dismissal without prejudice, Phillips USA noted that in lieu of a response to NJP's summary judgment motion it moved for an extension of time to complete discovery. This pleading was furnished to the magistrate, but was not directed to and never reached the district court judge. In an abundance of caution, the court vacated its prior ruling and postponed ruling on the res judicata issue to give Phillips USA further time to conduct necessary discovery.

dered a stay of the action against NJP pending resolution of the claims in the 1992 action. In communications with plaintiffs, NJP requested that plaintiffs dismiss their claims in the 1994 action against NJP in light of the presence of those claims in the 1992 action. Although plaintiffs admitted that the 1994 action raised largely the same claims as those in the 1992 action, they maintained their position that dismissal was not warranted.

Roughly a week after final judgment in favor of NJP in the 1992 action, NJP moved to dismiss the 1994 action on the ground that principles of res judicata, arising from the Australian judgment and from this court's order of judgment entered in the 1992 action, barred plaintiffs' claims. William Felton & Company and Phillips USA opposed the motion asserting that the claims were not barred. The court granted NJP the full relief requested. NJP now moves, pursuant to 28 U.S.C. § 1927, for the excessive costs and fees allegedly incurred as a result of plaintiffs' filing of the 1994 action. It contends that the conduct of Wallace, Saunders, Austin, Brown & Enochs Chtd., counsel for plaintiffs, in bringing the 1994 action was unreasonable and vexatious and entitles NJP to a recovery of expenses in the amount of $2,615.36 and attorney fees in the amount of $15,950.50.

## II.  Discussion

■■■  Pursuant to 28 U.S.C. § 1927,[2] a district court may assess an award of costs and fees against an attorney appearing before it if the actions of the attorney multiply the proceedings and are vexatious and unreasonable. *Dreiling v. Peugeot Motors of America, Inc.,* 768 F.2d 1159, 1165 (10th Cir.1985). This power to award sanctions must be strictly construed and utilized only in instances evidencing a "serious and standard disregard for the orderly process of justice." *Id.* (citing *Kiefel v. Las Vegas Hacienda, Inc.,* 404 F.2d 1163, 1167 (7th Cir.

1968), *cert. denied,* 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969)).

■  An award of § 1927 sanctions is proper "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Bowles Fin. Group, Inc. v. Stifel, Nicolaus & Co.,* 33 F.3d 62, 1994 WL 459647, at *3 (10th Cir.1994). "An attorney becomes subject to § 1927 sanctions 'by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law. . . . A lawyer's reckless indifference to the law may impose substantial costs on the adverse party. Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care.'" *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir.1987) (citing *In re TCI Ltd.,* 769 F.2d 441, 445 (7th Cir.1985) and *Herzfeld & Stern v. Blair,* 769 F.2d 645, 647 (10th Cir.1985) (approving sanctions under § 1927 for attorney conduct "either cavalier . . . or bent on misleading the court")).

■  The court finds Phillips USA's conduct in filing in the 1994 action insufficient to support an award of sanctions. While the filing of an identical suit against NJP may have been ill-advised, ultimately, and unnecessary to protect plaintiff's interests the court cannot find that it was completely unwarranted under the circumstances. At the time Phillips USA filed the 1994 action, its motion for reconsideration of the court's order granting judgment in favor of NJP and denying Phillips USA a voluntary dismissal of voluntary dismissal of its claims in the 1992 action was pending. Reconsideration was granted in April of 1994 and the judgment against NJP vacated. The court did not grant the voluntary dismissal, however. If it had done so, and if plaintiff had not already refiled its claim in the 1994 action, the question might have been raised whether Phillips USA had abandoned the claim. Even if this "belt and suspenders" approach

---

**2.**  28 U.S.C. § 1927 states in full:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vex-

atiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

to attempting to preserve the claim may have been misguided, the court finds that it did not reflect reckless indifference.[3] Moreover, while the court ultimately dismissed the 1994 action as without merit based on rulings in the 1992 case, that result could not have been apparent in January of 1994. The court chose the 1992 case as the vehicle to determine the merits of NJP's res judicata defense, but it could have as easily granted the motion to dismiss without prejudice and decided the res judicata issue in the 1994 case.

With respect to counsel's filing of the claims of the second plaintiff in this action, William Felton & Company, against NJP, the court also finds that sanctions should not be imposed. William Felton and Company was not a party to the 1992 action. Even though it was a party to the Australian action and the court ultimately found its claims also were barred, the court is not prepared to find that it was unreasonable and vexatious for counsel to pursue such claims.

### III.  Conclusion

**IT IS THEREFORE ORDERED BY THE COURT** that the motion of defendant N.J. Phillips Pty., Ltd., for recovery of excessive costs and fees (Doc. # 218) is denied.

**IT IS SO ORDERED.**

---

[3]. In finding that the filing of the 1994 action does not justify an imposition of sanctions, the court does not intend to in any way condone the conduct of plaintiffs and plaintiffs' counsel in this litigation. Many actions taken on behalf of the plaintiffs are difficult to understand without concluding that they have been motivated by a degree of animus toward the defendant NJP.

Plaintiffs' bold attempt in its papers to characterize NJP's motion for sanctions as "vexatious" is absurd and fallacious. From the court's perspective, the request is understandable in light of the tortured procedural history of this case. The court simply does not find that the specific conduct challenged by the defendant, filing the 1994 case, was sanctionable under 28 U.S.C. § 1927.