**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**DEC 10 1999**

FOR THE TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

KEVIN LEWIS,

      Plaintiff-Appellant,

v.

INDEPENDENT SCHOOL DISTRICT
NO. I-89 OF OKLAHOMA COUNTY,
OKLAHOMA, dba Oklahoma City
Public Schools,

      Defendant-Appellee.

No. 98-6429
(D.C. No. 97-CV-1783-C)
(W.D. Okla.)

ORDER AND JUDGMENT [*]

Before **BALDOCK**, **PORFILIO**, and **BRORBY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant worked as a janitor for defendant school district.  He eventually developed a serious skin condition caused by his exposure to the chemicals required to perform his janitorial duties.  After unsuccessful attempts to secure a transfer or a promotion to another position, plaintiff filed this lawsuit alleging violation of the Americans with Disabilities Act, deprivation of due process in violation of Oklahoma statute and the federal and state constitutions, and breach of employment contract. [1]

The district court granted summary judgment to defendant on plaintiff's ADA and statutory due process claims.  At the conclusion of plaintiff's case at trial, the court further granted defendant's Fed. R. Civ. P. 50 motion on the remaining issues.  Plaintiff appeals these decisions and includes the argument that the district court abused its discretion in refusing to admit a proffered exhibit. We affirm.

> We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as

---

[1]     Plaintiff also brought a claim of racial discrimination which he does not press on appeal.

a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.

*Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.) (further citations and quotations omitted), *cert. denied*, 120 S. Ct. 53 (1999).

With respect to the ADA claim upon which the district court granted defendant's motion for summary judgment, we affirm. While plaintiff presented evidence that he is unable to work around vapors, chemicals, detergent and heat, he offered no evidence that this limitation precluded him from performing "either a class of jobs or a broad range of jobs in various classes." *See* 29 C.F.R. § 1630.2(j)(3)(i). The evidence did not address plaintiff's complete vocational training, "the geographical area to which he has access, or the number and type of jobs demanding similar training from which [plaintiff] would also be disqualified." *Bolton v. Scrivner, Inc.*, 36 F.3d 939, 944 (10th Cir. 1994); *see also Welsh v. City of Tulsa*, 977 F.2d 1415, 1419 (10th Cir. 1992); 29 C.F.R. Pt. 1630 App. § 1630.2(j). Because this evidence was necessary to prove that plaintiff is substantially limited in the major life activity of working, plaintiff has failed to prove that he is disabled for purposes of the ADA. [2]

---

[2] To the extent plaintiff argues in his brief to this court that his rights were violated because defendant perceived him to be disabled, we note that he failed to

(continued...)

As mentioned above, the district court also granted defendant's Rule 50 motion at the end of plaintiff's case in chief. Our review of this ruling is also de novo. *See Kinser v. Gehl Co.*, 184 F.3d 1259, 1267 (10th Cir. 1999). Judgment as a matter of law pursuant to Rule 50 must be granted "if there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law." *Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1241 (10th Cir. 1999) (quotation omitted).

At trial, plaintiff presented evidence hoping to prove that he had been terminated without the required due process and that defendant had breached his implied employment contract. In granting the Rule 50 motion, the court found the evidence was indisputable that plaintiff had never been terminated, but had only been placed on an extended medical leave of absence. *See* Appellant's App., Vol. II at 454-55. Without termination, no rights, either constitutional or contractual, arise. We have reviewed the record in this case and agree with the district court. This factual finding also supports the court's grant of summary judgment to defendant on plaintiff's statutory due process claim. *See* Okla. Stat. Ann. tit. 70, § 6-101.46(A).

---

[2](...continued)
raise that issue either in his complaint or in his response to defendant's motion for summary judgment. It is a general rule that this court will not consider an issue on appeal that was not raised to the district court. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).

Finally, plaintiff argues that the district court abused its discretion in refusing to admit personal notes taken by one of defendant's agents. *See United States ex rel. Leonard Tire Co. v. Rayco, Inc.*, 616 F.2d 462, 464 (10th Cir. 1980) (reviewing exclusion of exhibit not included in pretrial order for abuse of discretion). The exhibit admittedly was not included in the pretrial order. A pretrial order controls the later course of a trial unless modified. *See* Fed. R. Civ. P. 16(e). "The order following a final pretrial conference shall be modified only to prevent manifest injustice." *Id.* Petitioner does not argue that the exclusion of exhibit 23 resulted in manifest injustice to his cause. Further, any possible injustice in this case was cured by extensive questioning of the exhibit's author by plaintiff's attorney. *See* Appellant's App., Vol. II at 321-29.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge