**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANGELO THOMAS GRUPPO,

Plaintiff-Appellant,

v.

FEDEX FREIGHT SYSTEM, INC.,
a Delaware Corporation; TERRY
STAMBAUGH, Vice President Human
Resources FedEx Freight System, Inc.,
an individual; STEVE MOORE,
Vice President IT Development,
FedEx Freight System, Inc.,
an individual,

Defendants-Appellees.

No. 08-1006
(D.C. No. 1:05-cv-02370-MSK-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-appellant Angelo Thomas Gruppo appeals the judgment of the district court granting judgment as a matter of law under Fed. R. Civ. P. 50 (JMOL) to defendants on his claim of retaliation under 29 U.S.C. § 2615, a portion of the Family and Medical Leave Act (FMLA). Mr. Gruppo argues the district court erred in limiting him in the pretrial order to one exhibit or one witness per fact or element in his case-in-chief and then granting JMOL to defendants because of his evidentiary insufficiency. He further argues the grant of JMOL was error because, contrary to the district court's ruling, he did establish a prima facie case of FMLA retaliation because, along with the other elements, he proved a causal link between his alleged protected activity and defendants' termination of his employment, even though he did not explicitly reference the FMLA.

Background

Mr. Gruppo was Senior Manager of electronic data interchange at the Colorado Springs facility of FedEx Freight System, Inc. (FedEx). In August 2005, FedEx management became concerned that one of the employees Mr. Gruppo supervised was experiencing repeated absences from work. Mr. Gruppo informed management that those absences were sometimes due to health-related issues of both the employee and her children, but Mr. Gruppo also testified that he "did not know all of the laws about this" and "did not know if she were protected under – under anything; for instance, FMLA or other type of laws

-2-

that could be there." Aplt. App. at 108. His main concern was that "terminating for cause could create an issue." *Id.*

There is some dispute about whether Mr. Gruppo was told to terminate the employee's position, or whether he was simply instructed to take corrective action to address the problem. Whatever his marching orders, Mr. Gruppo was opposed to them and conveyed that opposition to FedEx's human resources personnel in Colorado Springs and ultimately to Terry Stambaugh, the vice president for human resources at corporate headquarters in Harrison, Arkansas. An email to himself, which he eventually forwarded to Mr. Stambaugh, summarizes Mr. Gruppo's opinion about the situation:

> Being required to manage an individual into failure, rather than continuing on a successful track, appears to me as, if not unethical, it is at least counter to company policies, and can expose the company to a number of obvious law suits, and if not that, it is at least not just or moral.

*Id.* at 138. On Thursday, September 1, 2005, after about a month of discussions with the human-resource people in Colorado Springs, Mr. Gruppo met with Mr. Stambaugh at corporate headquarters in Harrison. At that meeting, Mr. Gruppo expressed his disagreement with the way the employee was being treated, particularly her treatment by Steve Moore, a vice president for IT development in Colorado Springs and one of Mr. Gruppo's supervisors.

Shortly after the meeting in Harrison, Mr. Gruppo prepared and apparently sent to Mr. Stambaugh a document summarizing the events leading up to the

-3-

Harrison meeting and recapped the meeting itself. He indicated he did not think terminating the employee was "ethical or even legal," *id.* at 143, and stated since he had put all of his information and accusations on record, he would need protection against any retribution from FedEx and specifically from Steve Moore, *id*. at 146. On Tuesday, September 6, Mr. Gruppo's first day back to work after the Harrison meeting, his employment with FedEx was terminated.

Mr. Gruppo's initial complaint, filed in state court and removed to federal court by defendants, included state breach-of-contract and tort claims and a claim of retaliatory discharge in violation of the FMLA. By the time the case went to trial, only the FMLA retaliatory discharge claim remained. At the close of Mr. Gruppo's case, the district court granted JMOL in favor of FedEx and the remaining individual defendants finding that Mr. Gruppo had failed to establish a prima facie case of retaliation, and Mr. Gruppo appeals.[1]

Analysis

"Rule 50 allows the trial court to remove cases or issues from the jury's consideration when the facts are sufficiently clear that the law requires a particular result." *Alfred v. Caterpillar, Inc.*, 262 F.3d 1083, 1089 (10th Cir. 2001) (quotations omitted). We review the grant of JMOL de novo, *id.*, and after

---

[1] As part of its Rule 50 ruling, the district court determined Mr. Gruppo had failed to make out a prima facie case of FMLA retaliation against defendants Stambaugh and Moore. Aplt. App. at 78. Mr. Gruppo does not appeal from that determination.

this review we agree with the district court that Mr. Gruppo failed to establish the required causation to sustain his prima facie case. Judgment for defendants was therefore required.

Mr. Gruppo's first issue, that the district court erred in limiting him in the pretrial order to only one evidentiary exhibit or witness per fact or element to be proved during his case in chief, was not preserved for appellate review because Mr. Gruppo did not object in the district court to that order or seek to have it amended. *See United States v. Rayco, Inc.*, 616 F.2d 462, 464 (10th Cir. 1980). Even if the issue were before us, however, we would find no merit in it. While the pretrial order does initially limit the parties to one exhibit or witness per fact, additional exhibits or witnesses were allowed for rebuttal, Aplt. App. at 47, and Mr. Gruppo introduced several exhibits in his case-in-chief without objection from defendants or prohibition from the bench. In light of the fact that Mr. Gruppo's counsel admitted at trial that any exhibits she would have introduced beyond the ones already in evidence would have been cumulative and redundant, *id.* at 70-71, we find counsel's argument on this point to be unprofessional and a waste of this court's and defendants' time and resources.

Turning to the merits of Mr. Gruppo's FMLA retaliation case, § 2615(a)(2) makes it unlawful "for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by" subchapter I of the FMLA. Because such claims are subject to the *McDonnell*

*Douglas* burden-shifting analysis, *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)), Mr. Gruppo initially was required to establish a prima facie case of retaliation. *Id.* To do that, he had to show (1) he engaged in activity protected by the FMLA; (2) FedEx "took an action that a reasonable employee would have found materially adverse;" and (3) a causal connection between the protected activity and the adverse action exists. *Id.* at 1171.

We agree with the district court that "the evidence is inadequate to establish a causal relationship due to the ambiguity of the communications by Mr. Gruppo to management and due to the fact that there is no evidence to establish that management ever understood that Mr. Gruppo was trying to communicate, if he was, about a potential violation of the FMLA." Aplt. App. at 94. As thoroughly explained by the district court and confirmed by our de novo review, there was no evidence that Mr. Gruppo informed defendants that he thought what they were proposing to do to the employee was illegal because it was contrary to the FMLA, or even more generally, because it interfered with the employee's right to take specific amounts of unpaid medical leave without suffering adverse employment consequences. Counsel's statements in her opening brief indicating that such evidence was before the court, *see* Aplt. Br. at 21, 32-33, are wrong and deliberately misleading. While there are references in the record to Mr. Gruppo's own belief that terminating the employee may have

been generally illegal under the circumstances, *see* Aplt. App. at 107-08, 138, 143, and that he communicated as much to defendants, *id.* at 143, his vague generalizations about possible illegality were insufficient to put defendants on notice that he was engaged in protected opposition to policies which he believed violated the FMLA. *See Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002) (holding absence of reference to unlawful racial or religious discrimination "can preclude a retaliation claim because an employer cannot engage in unlawful retaliation if it does not know that the employee has opposed or is opposing a violation of Title VII"). Counsel's argument that the district court granted JMOL against her client because he introduced only one evidentiary exhibit on causation is disingenuous. Mr. Gruppo lost in the district court because his evidence, considered in its entirety, did not establish causation, an element essential to his case.

In his third argument, Mr. Gruppo contends the district court granted JMOL on the causation issue because he did not specifically reference the FMLA in his communications with defendants. This was not the basis of the district court's ruling, and counsel's phrasing of the issue mischaracterizes what the district court did. The district court specifically explained that ordinary employees are not "required to invoke laws by name in order to engage in protected activity," and that "you don't have to use magic words." Aplt. App. at 82. But while Mr. Gruppo did not have to specifically reference the FMLA in his

communications with defendants, something more than a general charge of potential legal problems was required. *See generally Peterson*, 301 F.3d at 1188 (supporting conclusion that defendants' retaliation against Mr. Gruppo would be prohibited under 29 U.S.C. § 2615 only if defendants knew that his opposition to their treatment of the employee was motivated by his belief that they were, in the words of the statute, "engaging in a practice made unlawful" by the FMLA). Because Mr. Gruppo did nothing more than convey his general concern that terminating the employee might be illegal, he did not adequately inform defendants of his protected opposition under FMLA.

Defendants have requested sanctions against Mr. Gruppo's counsel under 28 U.S.C. § 1927 on the grounds that this appeal is groundless and frivolous. Despite having the opportunity to respond to this request in a reply brief, counsel has not done so. Section 1927 provides in pertinent part that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As indicated in this order and judgment, all of the issues brought on appeal are meritless at best or disingenuous at worst. "At the appellate level the bringing of the appeal itself may be a sanctionable multiplication of proceedings," and, indeed, "[t]his appeal appears to have been frivolously and vexatiously undertaken *ab initio*." *Braley v. Campbell*, 832 F.2d 1504, 1513 (10th Cir. 1987)

(en banc). Counsel's conduct of this appeal "manifests either intentional or reckless disregard of the attorney's duties to the court." *Id.* at 1512. In this case, as in *Hertzfeld & Stern v. Blair*, 769 F.2d 645, 647 (10th Cir. 1985), "[t]he many instances in which counsel's references to the record are contrary to what is found indicate that [she] has been either cavalier in regard to [her] approach to this case or bent upon misleading the court. . . . These acts have added grievously to the frivolous nature of this appeal," and we believe sanctions are not only proper but necessary. We emphasize that these sanctions are assessed solely against counsel for the appellant, "who is responsible for this case and its presentation." *Id.* Mr. Gruppo bears no responsibility in this regard.

The judgment of the district court is AFFIRMED, and defendants-appellees are awarded excess costs, expenses, and reasonable attorneys' fees for this appeal. *See* 28 U.S.C. § 1927. This matter is REMANDED to the district court for a hearing to determine the amount of attorneys' fees and costs to be awarded and entry of judgment in accordance with that determination. After that amount is determined, counsel for Mr. Gruppo shall remit such amounts directly to defendants-appellees.

Entered for the Court

John C. Porfilio
Circuit Judge

-9-