**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD MUKASA MAITEKI,

     Plaintiff - Appellant,

v.

MARTEN TRANSPORT, LTD.,

     Defendant - Appellee,

and

VOYAGER EXPRESS,

     Defendant.
_____

RONALD MUKASA MAITEKI,

     Plaintiff - Appellant,

v.

MARTEN TRANSPORT, LTD.,

     Defendant - Appellee,

and

VOYAGER EXPRESS,

     Defendant.
-----------------------------

ANDREW NYOMBI; IKECHUKWU
EMEJURU,

     Attorneys - Appellants.

No. 16-1298
(D.C. No. 1:12-CV-02021-WJM-CBS)
(D. Colo.)

No. 16-1320
(D.C. No. 1:12-CV-02021-WJM-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

Marten Transport, Ltd. ("Marten") obtained summary judgment on Ronald Maiteki's claims relating to negative information Marten provided to a consumer reporting agency about Maiteki's driving record. See Maiteki v. Marten Transp. Ltd., 828 F.3d 1272 (10th Cir. 2016) (affirming grant of summary judgment). Marten then sought an award of costs from Maiteki under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, and sanctions against Maiteki's counsel, Andrew Nyombi and Ikechukwu Emejuru, under 28 U.S.C. § 1927. The district court granted both requests in part, awarding Marten $6,840.37 in costs and ordering counsel to pay Marten $29,066.05 in attorneys' fees. Maiteki appeals the cost award (No. 16-1298) and counsel appeal the fee award (No. 16-1320). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm both awards.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

We review an award under § 1927 for abuse of discretion. Hamilton v. Boise Cascade Express, 519 F.3d 1197, 1202 (10th Cir. 2008). That statute provides for sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" for the "attorneys' fees reasonably incurred because of such conduct." § 1927. "[A]ny conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court, is sanctionable." Hamilton, 519 F.3d at 1202 (quotation omitted). "[W]e have found sanctions appropriate . . . when counsel repeatedly refers to facts in the record that simply are not there." Lewis v. Circuit City Stores, Inc., 500 F.3d 1140, 1153 (10th Cir. 2007) (citing Herzfeld & Stern v. Blair, 769 F.2d 645, 647 (10th Cir. 1985)). In Herzfeld we explained that "[t]he many instances in which counsel's references to the record are contrary to what is found indicate that he has been either cavalier in regard to his approach to this case or bent upon misleading the court," and in either event "added grievously to the frivolous nature of [the case]," rendering a sanction under § 1927 "not only proper . . . [but] necessary." 769 F.2d at 647.

Taking guidance from Herzfeld, the district court sanctioned Maiteki's counsel based on their response to Marten's motion for summary judgment, which it characterized as blatantly misstating the evidence as to nearly every potentially material fact. The district court found that these misstatements required Marten's counsel to expend significant time correcting the record and addressing frivolous claims and theories. It ordered counsel to compensate Marten for fees incurred in

3

preparing the summary judgment reply brief. Because Maiteki's counsel challenged only Marten's entitlement to fees, and not the reasonableness of the claimed hours or rates, the district court granted the amount requested, $29,066.50, which it considered reasonable on its face.

Nothing counsel argues on appeal demonstrates reversible error in the district court's exercise of its discretion over the fee award. Having reviewed their efforts to justify, explain, or excuse their dubious record citations as reasonably accurate, we are convinced that the district court's unfavorable assessment does not reflect a "clear error of judgment," a decision "exceeding the bounds of permissible choice," or "an arbitrary, capricious, whimsical, or manifestly unreasonable judgement." Sun River Energy, Inc. v. Nelson, 800 F.3d 1219, 1228 (10th Cir. 2015) (quotation and alteration omitted). We also reject counsel's objection that the rationale articulated by the district court for imposing the sanction was inadequate.[1]

Counsel contend that Herzfeld does not support the sanction imposed here because that case involved misconduct in addition to misrepresentation of the record. But, as noted above, Herzfeld stated that the misrepresentations "added grievously" to the grounds for sanction, which it characterized as "not only proper . . . [but] necessary." 769 F.2d at 647. The district court aptly looked to Herzfeld for guidance

---

[1] Counsel summarily assert that the sanction award violated their due process rights because it was imposed without notice. Given that sanctions were awarded on Marten's motion (which specified the amounts sought for, among other things, responding to Maiteki's opposition to summary judgment, and cited attached exhibits supporting the amount claimed) and after briefing by both sides, this contention is inexplicable. See Sun River Energy Inc., 800 F.3d at 1230 (opportunity to brief sanction issue satisfies due process).

in imposing a sanction based on repeated mischaracterization of the record—conduct we have indicated, citing Herzfeld, is a sufficient ground for finding sanctions appropriate, see Lewis, 500 F.3d at 1153. We affirm the district court's decision in this regard.

**II**

We also review the district court's cost award for abuse of discretion. See In re Williams Sec. Litig.-WCG Subclass, 558 F.3d 1144, 1148 (10th Cir. 2009). After the entry of final judgment entitling Marten to an award of costs under Rule 54(d), the parties could not agree on the items to be allowed under § 1920. A telephonic hearing was set before the court clerk, but at the scheduled time Maiteki's counsel did not answer the clerk's call. Maiteki later challenged various items by motion, however, and the district court considered those challenges notwithstanding counsel's failure to appear for the hearing.[2]

Maiteki challenges four specific aspects of the cost order, all relating to depositions. The first concerns his own deposition, conducted by multiple defendants over two days. Maiteki contends Marten should not recover the full cost of the transcript but only a pro rata amount to cover the part reflecting its own questions during the examination. The district court rejected this contention because the

---

[2] To the extent Maiteki's repeated references to the cost hearing being "ex parte" are intended as a procedural objection to the award, the objection is meritless. His counsel's absence was the result of their own failure to appear and, in any event, the district court decided the matter—denying some of the costs sought—after considering the parties' briefing.

5

questions of co-defendants' attorneys contributed to each others' cases, and because Marten justifiably ordered a full transcript given that court reporting firms generally do not offer partial transcripts at a discount. Maiteki does not address these reasons on appeal and has thus failed to demonstrate a reversible abuse of discretion. See Nixon v. City & Cty. of Denver, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").

Second, Maiteki objects to paying for deposition transcripts with respect to an expert he had designated for damages issues. He complains that the award was unfair because, as a trade-off agreed to by Maiteki for withdrawing the expert, Marten had not been required to pay the expert's witness fee for appearing at the deposition. But Marten being relieved of its obligation to pay an expert witness fee is unrelated to the issue at hand: whether Marten obtained the expert's deposition transcript for use in the case. And the fact that Maiteki eventually withdrew the expert does not undermine Marten's obvious reasons for previously obtaining the transcript in preparation for the expert's testimony on damages at trial.[3]

Maiteki's third objection concerns deposition transcripts for two witnesses of one of Marten's co-defendants. He asserts that Marten did not refer to the transcripts

---

[3] Maiteki may also be objecting that the expert's testimony was not used in connection with Marten's (already pending) summary judgment motion. But deposition transcripts are properly obtained for trial as well as for summary judgment, and their cost is still properly recoverable even if the grant of summary judgment ultimately obviates the need for trial. See Mitchell v. City of Moore, 218 F.3d 1190, 1204-05 (10th Cir. 2000).

in its summary judgment briefing and obtained them solely for discovery purposes. Marten explains, however, that these witnesses could have provided evidence regarding the reasons Voyager did not hire Maiteki, which was relevant to Maiteki's claim for damages against Marten had the case gone to trial. We agree with the district court's assessment that ordering the transcript was reasonable.

Finally, Maiteki contends he should not have had to cover the cost of videotaping the deposition of his damages expert. The district court explained that because deposition transcripts and deposition videos serve different purposes, the better practice is to allow the costs of both videotaped and stenographic depositions, absent some good reason not to do so. See Meredith v. Schreiner Transp., Inc., 814 F. Supp. 1004, 1006 (D. Kan. 1993), cited with approval in Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997) (holding cost of videotaped deposition is recoverable under § 1920). Maiteki objects that the deposition—videotaped or transcribed—was simply not necessary. We have already rejected that broad objection in concluding above that the district court properly found that the deposition was necessarily obtained for use in the case. Maiteki also insists that the videotaping cost should not have been allowed simply because he had opposed the use of a videographer at the time. He cites no authority for this facially dubious proposition.

## III

The judgment of the district court awarding costs against Maiteki and imposing sanctions on Maiteki's counsel is affirmed.  Marten's motion for appellate sanctions is denied.

Entered for the Court


Carlos F. Lucero
Circuit Judge