FILED
United States Court of Appeals
Tenth Circuit

**March 3, 2009**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| In re:  WILLIAMS SECURITIES LITIGATION – WCG SUBCLASS. | No. 08-5100 |

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 4:02-CV-0072-SPF)**

---

Submitted on the briefs:[*]

William Christopher Carmody, Jonathan E. Bridges, and Jeremy J. Brandon, Susman Godfrey LLP, Dallas, Texas, Joshua H. Vinik, Matthew A. Kupillas, and Kent A. Bronson, Milberg LLP, New York, New York, and Behram V. Parekh, Yourman Alexander & Parekh, Los Angeles, California, for Plaintiffs-Appellants.

Michael J. Gibbens, Victor E. Morgan, and Gerald L. Jackson, Crowe & Dunlevy, Tulsa, Oklahoma, for Defendants-Appellees Howard E. Janzen, Scott E. Schubert, Kenneth Kinnear II, Matthew W. Bross, Bob F. McCoy, Howard S. Kalika, John C. Bumgarner Jr., and Frank M. Semple.

Graydon Dean Luthey, Jr., and Sarah Jane Gillett, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, Oklahoma, Timothy K. Roake, Gibson, Dunn & Crutcher, L.L.P., Palo Alto, California, and Ethan D. Dettmer, Gibson, Dunn & Crutcher, L.L.P., San Francisco, California, for Defendants-Appellees The Williams Companies, Inc. and Keith E. Bailey.

Patrick M. Ryan, and Philip G. Whaley, Ryan, Whaley & Coldiron, Oklahoma City, Oklahoma, Peter A. Wald, Latham & Watkins LLP, San Francisco, California, and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Christopher Harris, Latham & Watkins LLP, New York, New York, for Defendant -Appellee Ernst & Young LLP.

Before **McCONNELL**, **ANDERSON,** and **BALDOCK**, Circuit Judges.

**BALDOCK**, Circuit Judge.

Following the breakup of AT&T in the 1980s, the Williams Companies (WMB), an energy group, devised a plan to run fiber-optic cables through some of its decommissioned pipelines. Subsequently, WMB used a subsidiary known as the Williams Communications Group (WCG) to develop a large fiber-optic network. WMB sold most of this network to a competitor in 1995. Rapid growth in the Telecommunications Index in the late 1990s, however, spurred WMB to reenter the network communications market through its WCG subsidiary. Indeed, WMB stated its intention to invest vast sums in creating a national fiber-optic network. But the Telecommunications Index experienced a major downturn in the spring of 2000. WMB subsequently spun off its WCG subsidiary. Less than two years later, WCG's stock was practically worthless and the company filed for Chapter 11 bankruptcy.

As a result, some thirty securities fraud class action suits were filed seeking $2.9 billion against three defendant groups: (1) the WMB Defendants; (2) the WCG Defendants; and (3) Ernst & Young, the outside auditor to both WMB and WCG. The district court consolidated these actions under the caption In re Williams Securities, bifurcated the litigation into two subclasses of plaintiffs — the WMB

2

Subclass and the WCG Subclass — and ordered coordinated discovery. While the WMB Subclass Action settled, Defendants in the WCG Subclass Action filed a motion for summary judgment, which the district court granted. Plaintiffs appealed the district court's ruling, which we affirmed in In re Williams Securities Litigation – WCG Subclass, No. 07-5119, __ F.3d __, 2009 WL 388048 (10th Cir. Feb. 18, 2009).

Pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1), the district court awarded the WCG Subclass Defendants costs. Plaintiffs now challenge the district court's costs awards on three separate grounds. First, Plaintiffs allege Defendants failed to prove that the transcripts and copies for which the district court awarded costs were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4). Second, Plaintiffs maintain that many of the costs for which Defendants seek reimbursement are equally attributable to the WMB Subclass Action. Hence, Plaintiffs argue the district court abused its discretion in taxing them for the full amount of these costs. Third, Plaintiffs suggest that the district court's awards of costs are substantively unreasonable, even assuming these costs are taxable under 28 U.S.C. § 1920. We have jurisdiction under 28 U.S.C. § 1291. Satisfied that the district court acted within the broad confines of its discretion, we affirm.

I.

After the district court granted summary judgment in favor of Defendants, each defendant group filed a timely bill of costs with the district court. The district

3

court clerk held a joint hearing on Defendants' bills of costs. See Furr v. AT&T Techs., Inc., 824 F.2d 1537, 1550 n.11 (10th Cir. 1987) (recognizing that "a bill of costs is initially filed with the clerk rather than with the court"). Shortly thereafter, the clerk issued three orders taxing Plaintiffs $231,549.08 in favor of the WCG Defendants, $180,411.70 in favor of the WMB Defendants, and $229,371.72 in favor of Ernst & Young. Ultimately, the clerk reduced Defendants' requested costs awards by $31,220.00 (WCG Defendants), $3,287.45 (WMB Defendants), and $97,339.05 (Ernst & Young) respectively. Defendants voluntarily withdrew their request for transcript costs related to one deposition witness and the WMB Defendants agreed to drop their request for approximately $2,900.00 in copying costs.

Plaintiffs moved the district court to review the clerk's awards under Fed. R. Civ. P. 54(d)(1), raising substantially the same arguments they now press on appeal. See id. ("Should the party seeking costs be dissatisfied with the clerk's actions, or should the party against whom they are to be taxed object, on motion served within 5 days thereafter, the action of the clerk may be reviewed by the court. Such review by the court is a de novo determination."). The district court referred this motion to a United States Magistrate Judge, who held another hearing on the matter. Subsequently, the magistrate judge issued a twenty-two page report and recommendation, substantially affirming the clerk's awards of costs. The magistrate judge did exclude, however, costs related to four depositions for which the clerk awarded costs to the WMB Defendants and Ernst & Young. This reduced

4

Defendants' costs awards by $6,135.45 (the WMB Defendants) and $5,650.45 (Ernst & Young) respectively. In total, the magistrate judge recommended the district court tax Plaintiffs $231,549.08 in favor of the WCG Defendants, $174,276.25 in favor of the WMB Defendants, and $223,721.27 in favor of Ernst & Young.

Plaintiffs also objected to the magistrate judge's report and recommendation on essentially the same grounds they now raise on appeal. In a twenty-two page order, the district court adopted the magistrate judge's recommended awards of costs, with several notable exceptions. The district court independently reviewed the record and excluded transcription costs related to seven deposition witnesses because it was not satisfied that these depositions were "necessarily obtained" for use in the case. Further, the district court reduced the WCG Defendants' award for copy costs by over $4,000.00. All together, the district court reduced the costs awards recommended by the magistrate judge by $8,795.30 (the WCG Defendants), $5,785.30 (the WMB Defendants), and $3,001.80 (Ernst & Young) respectively. Accordingly, the district court taxed Plaintiffs $222,753.78 in favor of the WCG Defendants, $168,490.95 in favor of the WMB Defendants, and $220,719.47 in favor of Ernst & Young.

## II.

Rule 54(d)(1) provides that costs, other than attorney's fees, should generally "be allowed to the prevailing party." We have recognized that the district court's discretion in taxing costs is limited in two ways. See Cantrell v. Int'l Bhd. of Elec.

5

Workers, 69 F.3d 456, 458-59 (10th Cir. 1995) (en banc). First, "Rule 54 creates a presumption that the district court will award costs to the prevailing party." Id. at 459. Second, the district court "must provide a valid reason" for denying such costs. Id.; see also Klein v. Grynberg, 44 F.3d 1497, 1507 (10th Cir. 1995) (stating that denying costs to a prevailing party is a "severe penalty" and explaining that "there must be some apparent reason to penalize the prevailing party if costs are to be denied").

Items proposed by prevailing parties "as costs should always be given careful scrutiny." U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other grounds as recognized by* Anixter v. Home-Stake Prod. Co., 77 F.3d 1215, 1231 (10th Cir. 1996). The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts and copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4). Both parties agree that this standard governs the costs at issue in this appeal.

The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. Touche Ross, 854 F.2d at 1245. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case." Mitchell v. City of Moore, 218 F.3d 1190, 1204 (10th Cir. 2000). Materials produced "solely for discovery" do not meet this threshold. Furr, 824 F.2d at 1550. At the same time, we have acknowledged that materials may be

6

taxable even if they are not "strictly essential" to the district court's "resolution of the case." Id. The "realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court." Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1340 (10th Cir. 1998). Our cases establish that if deposition transcripts or copies were "offered into evidence," were "not frivolous," and were "within the bounds of vigorous advocacy," costs may be taxed. Id. (citing Furr, 824 F.2d at 1550). This standard recognizes that "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation," including the "possibility of trial." Id.

Thus, we do not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. Id. We base this determination, instead, solely "on the particular facts and circumstances at the time the expense was incurred." Id.; see also Allison v. Bank One-Denver, 289 F.3d 1223, 1249 (10th Cir. 2002) (recognizing that as long as the expense "appeared to be reasonably necessary at the time it was" incurred, "the taxing of such costs should be approved"). The standard is one of reasonableness. See Mitchell, 218 F.3d at 1204. If "materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity and award the recovery of costs." Callicrate, 139 F.3d at 1339. Thus, we will not "penalize a party who

7

happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." Id. at 1340.

A prevailing party bears the burden of establishing the amount of costs to which it is entitled. See Allison, 289 F.3d at 1248. Our precedents establish that the amount a prevailing party requests "must be reasonable." Callicrate, 139 F.3d at 1339. Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the "non-prevailing party to overcome" the presumption that these costs will be taxed. Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004).

### III.

The district court possesses "broad discretion" in awarding costs. Touche Ross, 854 F.2d at 1247; see also Callicrate, 139 F.3d at 1339 ("The taxing of costs rests in the sound judicial discretion of the district court."). Accordingly, we review costs awards only for an abuse of that discretion. See Touche Ross, 854 F.2d at 1245. A district court abuses its discretion where it (1) commits legal error, (2) relies on clearly erroneous factual findings, or (3) where no rational basis exists in the evidence to support its ruling. See Elephant Butte Irrigation Dist. v. U.S. Dep't of the Interior, 538 F.3d 1299, 1301 (10th Cir. 2008).

8

A.

We first address Plaintiffs' assertion that Defendants failed to provide sufficient evidence to show that the taxed materials were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4). Whether materials are necessarily obtained for use in the case is "a question of fact" that we review "only for clear error." Sorbo v. United Parcel Serv., 432 F.3d 1169, 1181 (10th Cir. 2005). Clear error is established if, "after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made." Aquila, Inc. v. C.W. Mining, 545 F.3d 1258, 1263 (10th Cir. 2008). Plaintiffs have not met this threshold here.

Plaintiffs espouse an exceedingly narrow view of the deposition expenses authorized under 28 U.S.C. § 1920. Indeed, they argue that a district court may only award costs for depositions the district court actually used in deciding summary judgment, or for depositions that were, at the very least, designated for trial. But all § 1920 requires is that the generation of taxable materials be "reasonably necessary for use in" the case "at the time the expenses were incurred." Callicrate, 139 F.3d at 1340. As we explained in Merrick v. Northern Natural Gas Company, 911 F.2d 426, 434 (10th Cir. 1990), any "rule that permits costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment is narrower than [S]ection 1920." Plaintiffs' understanding of the costs statute is thus

9

surely flawed.[1]

The same is true of Plaintiffs' view of the burden placed on prevailing parties to justify the taxation of copy costs. We have specifically noted that the burden of justifying copy costs is not "a high one." Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1259 (10th Cir. 1998). A prevailing party need not "justify each copy" it makes. Id. All a prevailing party must do to recoup copy costs is to demonstrate to the district court that, under the particular circumstances, the copies were "reasonably necessary for use in the case." Touche Ross, 854 F.2d at 1246. Contrary to Plaintiffs' assertions, a description of each copy, replete with an explication of its use, is not necessarily required to satisfy this burden. Nor do we think the fact that documents are available in a central depository, as Plaintiffs allege here, inexorably leads to the conclusion that copies made for an attorney's use were not "reasonably necessary to the litigation of the case." Ramos v. Lamm, 713 F.2d 546, 560 (10th Cir. 1983), *abrogated on other grounds by* Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987).

---

[1] We reject Plaintiffs' assertion that the district court's costs awards were impermissible because they contravened the local Clerk's Guidelines for Taxation of Costs. As the district court correctly noted, the clerk's guidelines do not purport to be an authoritative exposition of the costs allowable under applicable law and they are not binding on the district court. The district court, therefore, correctly analyzed Defendants' requested costs under § 1920, Rule 54, and our controlling precedents.

On appeal, we remain aware that we cannot hope to match the district court's "first-hand sensitivity to the proceedings" in this case. Sorbo, 432 F.3d at 1181. The district court ultimately approved the awards of costs related to some seventy-four depositions. Based on its familiarity with the "nature and course" of the litigation, it concluded that these depositions were "not taken merely for investigative purposes or for the convenience of counsel." The district court found, instead, that these depositions — based on the information available to the parties at the time — were necessarily obtained for use in this case. Considering that the parties presented a combined total of sixty-nine fact witnesses, the district court's conclusion hardly seems suspect.

Similarly, the district court examined Defendants' requested copy costs and opined, in light of the fact that over fifteen million pages were produced, that Defendants selectively copied the documents at issue. The number of copies made by each defendant group necessarily varied, in the district court's view, because Defendants adopted differing approaches to fashioning a defense. After excluding some of the WCG Defendants' requested copy costs, the district court ruled that Defendants had shown the remaining copies were necessarily obtained for use in the case. Our examination of the record, gives us no reason to doubt that conclusion. We, therefore, reject Plaintiffs' first claim of error.

B.

We now turn to Plaintiffs' contention that the district court failed to properly

11

apportion and tax the costs attributable to them. In short, Plaintiffs allege the district court abused its discretion in taxing them for costs that are equally attributable to the WMB Subclass of Plaintiffs. Due to the factual overlap between the WCG and WMB Subclasses, the district court determined that Defendants would have incurred the costs at issue even in the absence of the WMB Subclass action. The district court consequently regarded the awarded costs as directly related to the WCG Subclass action, in which Defendants undisputably prevailed. A "rational basis in the evidence" clearly supports this conclusion. Elephant Butte Irrigation Dist., 538 F.3d at 1301. As such, we cannot say that the district court abused its discretion in refusing to reduce Defendants' costs awards on this ground.

C.

Finally, we address Plaintiffs' argument that the district court's costs awards are unreasonably high. Aggregating the costs awarded to the three defendant groups, Plaintiffs contend that the district court rendered the highest costs award in the history of American jurisprudence. We disagree with Plaintiffs' characterization of the facts of this case.

The costs awarded in this case are undoubtedly higher than the norm. But given the massiveness and complexity of the litigation at issue, we do not regard the magnitude of Defendants' costs awards as particularly surprising. Plaintiffs sought $2.9 billion in damages from three defendant groups, all of whom are prevailing parties. Thus, we are now faced with three separate costs awards.

12

Defendants' costs were, quite plainly, driven upward by the cold, hard facts of this case. Plaintiffs' litigation choices; including the number of defendants, the high amount of damages sought, the broad allegations asserted, the complexity of the claims at issue, and Plaintiffs' aggressive course of discovery; necessarily resulted in heightened defense costs. See Klein, 44 F.3d at 1507 ("[Plaintiffs'] own actions brought about the litigation."). We agree with the district court that consideration of such factors does not constitute disapproval or condemnation of Plaintiffs' conduct; rather, these considerations go directly towards the reasonable necessity of Defendants' costs. See Mitchell, 218 F.3d at 1204 (noting that our role is to measure "whether an incurred cost was reasonably necessary under § 1920"). In this case, the stakes were indisputably high and "it was incumbent on [D]efendants to fully prepare their case on the merits." Callicrate, 139 F.3d at 1341.

Of course, we have recognized that certain circumstances justify a district court in exercising its discretion to deny otherwise recoverable costs, "including when the prevailing party was only partially successful, when damages were only nominal, when costs were unreasonably high or unnecessary, when recovery was insignificant, or when the issues were close or difficult." Zeran v. Diamond Broad., 203 F.3d 714, 722 (10th Cir. 2000). But the district court concluded that none of these grounds apply here. We cannot say that, in so ruling, the district court abused its discretion.

13

Rule 54's presumption that a prevailing party will recoup certain costs fully applies to class actions. See White v. Sundstrand Corp., 256 F.3d 580, 585-86 (7th Cir. 2001). Even if litigation is complex or lengthy, instituted in good faith, and resolved early, we have rejected attempts to deny prevailing parties their otherwise taxable costs. See AeroTech, Inc. v. Estes, 110 F.3d 1523, 1527 (10th Cir. 1997). Plaintiffs "caused this litigation to be brought" and Defendants' "costs to be incurred." White, 256 F.3d at 586. Thus, absent Plaintiffs carrying their burden of showing that Defendants' otherwise recoverable costs should not be taxed, they must "make the prevailing [parties] whole." Id. Plaintiffs have simply failed to meet this burden in that they have failed to establish a valid basis for penalizing Defendants with the denial or reduction of their otherwise recompensable costs.

We, therefore, AFFIRM Defendants' costs awards for substantially the reasons stated by the district court.