**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KELLY BRYANT; HOLLIE BRYANT,

     Plaintiffs - Appellants,

v.

SAGAMORE INSURANCE COMPANY,

    Defendant - Appellee.

No. 15-7000
(D.C. No. 6:13-CV-00240-RAW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Plaintiffs Kelly Bryant and his daughter Hollie Bryant (the Bryants) appeal the

district court's award of costs pursuant to Fed. R. Civ. P. 54(d) in favor of Defendant

Sagamore Insurance Company (Sagamore). This court previously affirmed the

district court's grant of summary judgment in favor of Sagamore. *Bryant v.

Sagamore Ins. Co.*, 597 F. App'x 968 (10th Cir. 2015). We have jurisdiction under

28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Briefly, Kelly Bryant obtained car insurance from Sagamore in a policy excluding coverage for his teen daughter, Hollie, who was covered under her stepfather's policy. Hollie drove Kelly's car and was in an accident involving a third party, Cuba Lawrence. Sagamore was notified of the accident by Lawrence's insurer and repeatedly tried to contact Kelly and Hollie to investigate the accident by sending them letters, leaving voice mail messages, sending a representative to Kelly's home and finally sending them a letter by Federal Express warning that failure to contact Sagamore would be grounds for denying coverage. *Bryant*, 597 F. App'x at 969-70, 972-73. The Bryants never responded to Sagamore, and when they failed to appear for a scheduled examination, Sagamore declined coverage, citing both the exclusion provision and the Bryants' failure to cooperate.

Thereafter, Lawrence filed suit against Hollie, who failed to answer, and Lawrence obtained a default judgment against Hollie for almost $700,000.00. The Bryants did not notify Sagamore of Lawrence's lawsuit or request Sagamore to defend Hollie. The Bryants then filed breach-of-contract and bad-faith claims against Sagamore, relying on an Oklahoma case published after Sagamore denied coverage that held it violated state policy to exclude a teen driver from both parents' insurance policies. Sagamore then paid Lawrence its full $50,000 policy limit. The district court granted summary judgment, ruling the recent Oklahoma case lacked precedential effect at the time Sagamore denied coverage, and Sagamore had reasonably denied the claim based on the Bryants failure to cooperate.

2

Sagamore timely filed a bill of costs seeking to recover $13,706.43 in litigation costs as a prevailing party under Rule 54(d). The district court clerk entered an order taxing costs of $11,731.60. The Bryants filed objections to the cost order, arguing that they were indigent, Sagamore should be penalized for not paying its policy limit to Lawrence sooner, and the case was complex and close. The district court accepted that the Bryants had a low income, but ruled Sagamore should not be penalized for paying its policy limits to an innocent third party and its denial of coverage did not present a close or complex case, given the Bryants' failure to cooperate as required by the policy. This appeal followed.

## II.

Rule 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "The district court possesses broad discretion in awarding costs." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (internal quotation marks omitted). "Accordingly, we review costs awards only for an abuse of that discretion." *Id*.

"Rule 54(d) creates a presumption that the prevailing party shall recover costs." *Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir. 1995). "Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed." *Williams*, 558 F.3d at 1148. Although the district court has discretion to deny costs to the prevailing party, we have held that doing so is a "severe penalty" and that

3

"there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Klein*, 44 F.3d at 1507. These reasons "include[e] when the prevailing party was only partially successful, when damages were only nominal, when costs were unreasonably high or unnecessary, when recovery was insignificant, or when the issues were close or difficult." *Williams*, 558 F.3d at 1150-51 (internal quotation marks omitted).

The Bryants do not challenge the reasonableness of the amount of taxable litigation costs awarded under Rule 54(d). Rather, they argue the district court should have exercised its discretion to deny costs in order to penalize Sagamore for not settling with Lawrence when she first filed a claim with Sagamore. We cannot agree. The Bryants failed to cooperate with Sagamore's investigation into the accident, allowed default judgment to be entered against Hollie by failing to file an answer to Lawrence's complaint, and failed even to notify Sagamore about Lawrence's lawsuit. Under these facts, Sagamore can hardly be said to have delayed in paying its policy limit to Lawrence. The Bryants "caused this litigation to be brought" and caused Sagamore's "costs to be incurred." *Id.* at 1151 (internal quotation marks omitted). The Bryants also argue they were partially successful because Sagamore ultimately paid its policy limit, but in the previous appeal, we rejected their similar argument that the payment constituted a confession of judgment. *See Bryant*, 597 F. App'x at 971 ("[T]his argument ignores the fact that Sagamore resolved Lawrence's claim while disputing liability at all times and with

4

explicit acknowledgment from Lawrence that the settlement was in compromise of a doubtful and disputed claim." (internal quotation marks omitted)).

The Bryants also argue the district court should have exercised its discretion to deny costs because they are indigent. While this court has acknowledged that a court may consider indigent circumstances in exercising discretion whether to award costs, we have also concluded that a district court does not abuse its discretion in awarding costs to the prevailing party simply because the non-prevailing parties were indigent. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190-91 (10th Cir. 2004) (affirming an award of costs despite the plaintiffs' indigent status because they failed to show that the prevailing party should be penalized).

The Bryants do not identify any facts or law the district court overlooked or failed to comply with, and we conclude it did not abuse its discretion in awarding costs under Rule 54(d). *See Williams*, 558 F.3d at 1148 ("A district court abuses its discretion where it (1) commits legal error, (2) relies on clearly erroneous factual findings, or (3) where no rational basis exists in the evidence to support its ruling.").

The judgment of the district court is affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

5