**FILED**
**U.S. Bankruptcy Appellate Panel**
**of the Tenth Circuit**

**September 28, 2015**

**Blaine F. Bates**
**Clerk**

NOT FOR PUBLICATION[1]

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE ROBERT M. LANE, also known as Bob Lane, | BAP No. WY-14-061 |
| Debtor. | |
| ROBERT M. LANE, | Bankr. No. 11-20398 |
| Appellant, | Chapter 7 |
| v. | |
| GARY A. BARNEY, Chapter 7 Trustee, | |
| Appellee. | |

Appeal from the United States Bankruptcy Court
for the District of Wyoming
_____

Before **CORNISH**, **NUGENT**, and **SOMERS**, Bankruptcy Judges.
_____

**SOMERS**, Bankruptcy Judge.

Chapter 7 debtor Robert M. Lane ("Debtor" or "Lane") appeals an order of the

bankruptcy court taxing costs against him to reimburse Chapter 7 trustee Gary A. Barney

("Trustee") for costs incurred in enforcing a writ of execution for possession of real

_____

[1]This unpublished opinion may be cited for its persuasive value, but is not
precedential, except under the doctrines of law of the case, claim preclusion, and issue
preclusion.  10th Cir. BAP L.R. 8026-6.

property and an order denying Debtor's request for reconsideration.[2]  For the reasons stated below, this Court affirms except for the award of $3,103.00 in cleaning costs.

I.      **Background**

Lane filed his Chapter 7 bankruptcy on April 19, 2011, and a series of battles with the Trustee soon commenced over (among other things) asset sales, unscheduled and undisclosed property, and lawsuits by the Trustee against Debtor, his family members, and family-controlled entities.  The parties reached a cease-fire in June 2013, when the bankruptcy court approved two global settlement agreements: one between the Trustee and Lane family members and family-controlled entities (the "Family Settlement Agreement"),[3] and one between the Trustee and Debtor (the "Lane Settlement Agreement").[4]  The agreements resolved pending litigation, brought assets into the estate from Lane family members and family-controlled entities, and permitted Debtor to retain certain assets.[5]

Under the settlement agreements and court orders approving them, two parcels of

---

[2] The orders are available at Bankr. ECF No. 1123 & 1155.

[3] *[Family] Settlement Agreement and Mutual Release*, *in* Appellee's Appendix ("Trustee App.") at 122, attached to *Motion for Approval of Settlement Agreement*, *in* Trustee App. at 110; *Order Approving Settlement Agreement (Boulder Investment Trust, et al.)*, *in* Trustee App. at 239.

[4] *[Lane] Settlement Agreement and Mutual Release*, *in* Trustee App. at 313, attached to *Order Approving Settlement Agreement Between the Trustee and the Debtor*, *in* Trustee App. at 303.

[5] *Lane Settlement Agreement* ¶¶ 5, 7, 9, 10, at 4-7, *in* Trustee App. at 316-19.  The Lane Settlement Agreement allowed Lane to retain pension assets worth up to $2.5 million, collectibles (books, wine, baseball memorabilia, numismatic coins), a fountain pen collection, certain artwork, three automobiles, and most of the furnishings and personal property in two homes.  The agreements also required the Trustee to dismiss avoidance actions against Lane family-controlled entities and to dismiss the complaint to revoke Lane's discharge.  *Id*.

real property, known as the Wilson Property, located in Wilson, Wyoming ("Wyoming Property"), and the Lilac Property, located in Santa Barbara County, California ("California Property"), became property of the estate and were to be turned over to the Trustee. But the Lane Settlement Agreement further provided that "Debtor may continue to reside at the [California] and [Wyoming] Properties pending their sale provided that he cooperates with all reasonable requests relating to the marketing and sale of those properties . . . ."[6] In addition, if Debtor failed to cooperate with the marketing or sale of either property, "the Trustee shall have the right immediately to terminate Debtor's right to reside at both . . . Properties, and the Trustee's right to terminate may be specifically enforced by" a court order.[7] Further, after they are turned over to him, "the Trustee shall be responsible for paying the expenses of maintaining and preserving the [California] and [Wyoming] properties until they are sold."[8]

On May 8, 2014, the Trustee filed a motion to sell the Wyoming Property free and clear. Debtor objected to the sale, and refused to cooperate. The Trustee regarded Debtor's objection as a violation of the Lane Settlement Agreement and sought to terminate Debtor's possession of both properties. Debtor refused to vacate, so the Trustee filed a motion for a writ of execution to obtain possession of both the Wyoming and

---

[6] *Lane Settlement Agreement* ¶ 7 at 5-6, *in* Trustee App. at 317-18.
[7] *Id*. at 6, *in* Trustee App. at 318.
[8] *Id*.

California Properties.[9]  Debtor filed a written objection.[10]  After a telephonic hearing at which counsel for the Trustee and Debtor appeared and argued, the bankruptcy court took the matter under advisement.[11]  The court then entered an Order and Writ of Execution for Possession of Real Property ("Possession Order")[12] that, among other things —

- directed and authorized the U.S. Marshals Service to enforce the Lane Settlement Agreement;

- directed the Trustee or his agents to accompany the U.S. Marshals Service to take possession of both residences;

- authorized the Trustee to hire and pay all reasonable costs to a locksmith to assist in taking possession;

- authorized the Trustee to remove and store any personal property located in or on the real properties and to pay all reasonable and necessary related costs;

- authorized the Trustee to use estate funds to pay all reasonable and necessary

---

[9] *Trustee's Motion for Entry of Writ of Execution for Possession of Real Property*, *in* Trustee App. at 267; *Trustee's Supplement to Memorandum in Advance of Hearing on Debtor's Objection to Motion for Entry of Writ of Execution for Possession of Real Property*, *in* Trustee App. at 328.

[10] *Debtor's Objection to Trustee's Motion for Entry of Writ of Execution for Possession of Real Property*, *in* Appellant's Appendix ("Lane App.") at 305; *Debtor's Reply to Trustee's Memorandum in Advance of Hearing on Objection to Trustee's Motion for Entry of Writ of Execution for Possession of Real Property and Reply to Trustee's Supplement to Trustee's Memorandum*, *in* Trustee App. at 336.

[11] *Minutes of Hearing Held*, *In re Lane*, Case No. 11-20398 (Bankr. D. Wyo. July 10, 2014), Bankr. ECF No. 914; *PDF File with Audio Attachment*, *In re Lane*, Case No. 11-20398 (Bankr. D. Wyo. July 10, 2014), Bankr. ECF No. 920.

[12] *Order and Writ of Execution for Possession of Real Property*, *in* Lane App. at 328.

4

costs, fees, and expenses incurred in enforcing the writ; and

- authorized the Trustee to file a bill of costs under Federal Rule of Bankruptcy Procedure 7054 for any and all reasonable costs and expenses (excluding attorneys' fees) incurred in connection with the Possession Order and the possession of the real properties, which would be taxed against Debtor upon court approval.[13]

Debtor appealed the Possession Order, as well as other orders, to this Court, and this Court dismissed the appeals for failure to prosecute.[14] Debtor appealed further to the Tenth Circuit, which also dismissed his appeal for failure to prosecute.[15]

On September 22, 2014, after obtaining possession of the residences, the Trustee filed the Trustee's Bill of Costs Pursuant to Order and Writ of Execution for Possession of Real Property ("Bill of Costs"),[16] requesting that the court tax the costs and enter judgment in the amount of $25,233.50 plus future storage costs against Debtor as provided in the Possession Order. The Bill of Costs was supported by an affidavit of the Trustee's counsel (Exhibit C to the Bill of Costs), stating fees and costs in the amount of $25,233.50 were reasonably and necessarily incurred in connection with the two evictions of Debtor and

---

[13] *Id.* at 1-2, *in* Lane App. at 328-29.

[14] *Order Dismissing Appeal and Staying Mandate for 21 Days*, *Lane v. Barney* Case No. WY-14-30 (10th Cir. BAP Oct. 22, 2014) BAP ECF No. 42; *Order Dismissing Appeal and Staying Mandate for 21 Days*, *Lane v. Barney*, WY-14-36 (10th Cir. BAP Oct. 22, 2014) BAP ECF No. 51; *Order Dismissing Appeal and Staying Mandate for 21 Days*, *Lane v. Barney*, WY-14-39 (10th Cir. BAP Oct. 22, 2014), BAP ECF No. 40.

[15] *Order*, *Lane v. Barney*, Case No. 15-8001 (10th Cir. May 18, 2015), CIR. ECF Doc. 10272629.

[16] *Trustee's Bill of Costs Pursuant to Order and Writ of Execution for Possession of Real Property*, *in* Lane App. at 355.

removal of Debtor's personal property. The fees and costs were itemized as follows: locksmith $271.64; storage $438.55; U.S. Marshals Service, CA, $1,500.00; OneEyedBird Marketing $1,850.00; movers $6,831.00; U.S. Marshals Service, CA, $4,000.00; storage $453.00; locksmith $1,372.82; U.S. Marshals Service, WY, $2,207.00; Cathy O'Shea $2,000.00; locksmith $286.49; Carpet Solutions $688.00; JMC Professional Cleaning Services $2,415.00; and Susan Pate $920.00.[17] The Trustee also sought future storage costs of $453.00 per month through December 6, 2014.[18]

Debtor filed a written objection,[19] raising a barrage of arguments that fall into two general categories: (1) the Trustee's actions in obtaining the writ of possession and gaining possession were wrongful and unnecessary, as to both Debtor and certain third parties; and (2) many of the requested costs were unsubstantiated, unnecessary, or unreasonable. Specifically, Debtor's allegations included the following: the Trustee had provided no cancelled checks or receipts to support the request; the Possession Order did not authorize fees for cleaning, realtor's services, and marketing firms; the U.S. Marshals were not needed for the California Property because it had been vacated; and the costs for the removal of personal property from the Wyoming Property were not reasonable and necessary because Debtor had offered to timely remove the possessions and furnishings.[20] Debtor filed an un-notarized statement in support of his objection.[21]

---

[17] *Id*. at 2-3, *in* Lane App. at 356-57.

[18] *Id.* at 3, *in* Lane App. at 357.

[19] *Debtor's Opposition to Trustee's Bill of Costs for Reasonable and Necessary Costs to Enforce a Writ of Possession*, *in* Lane App. at 371.

[20] *Id*. *in* Lane App. at 371.

[21] *Id*. at 32, *in* Lane App. at 402 (*Declaration of Robert M. Lane in Support of Debtor's Opposition to Trustee's Bill of Costs for Reasonable and Necessary Costs to*

The bankruptcy court set the matter for a telephonic hearing on October 30, 2014. On the hearing date, the court was unable to reach Debtor at the telephone number he had provided, so the court proceeded without him.[22] At the hearing, the Trustee's counsel (appearing by telephone) provided background information and some details concerning the requested costs. He advised that the U.S. Marshals' fees were set and not negotiable. At the Wyoming Property, only a small portion of Debtor's personal property had been removed, so the Trustee's real estate broker retained and supervised a videographer to make an inventory of Debtor's personal property and a moving firm that took the property to a storage facility. The Trustee's counsel stated that the Wyoming Property had to be cleaned in order to put it in the position for sale.

At the conclusion of the telephone hearing, the bankruptcy court awarded the Trustee $26,139.50, his requested fees and costs of $25,233.50 plus $906.00 for September and October storage costs, but not future storage costs. The court asked the Trustee's counsel to prepare an order. The Trustee's counsel presented a proposed order, which noted that "[t]he Debtor did not appear at the hearing," and proposed that the relief be granted "[b]ased on the record and the Debtor's failure to appear at the hearing."[23] The bankruptcy court entered an order taxing the costs on October 31, 2014 ("Costs Order").[24]

---

*Enforce a Writ of Possession* [sic]).

[22] *PDF File with Audio Attachment*, *In re Lane*, Case No. 11-20398 (Bankr. D. Wyo. Oct. 30, 2014), Bankr. ECF No. 1112.

[23] *[Proposed] Order Granting Trustee's Bill of Costs Pursuant to Order and Writ of Execution for Possession of Real Property*, at 1, *In re Lane*, Case No. 11-20398 (Bankr. D. Wyo. Oct. 30, 2014), Bankr. ECF No. 1110.

[24] *Order Granting Trustee's Bill of Costs Pursuant to Order and Writ of Execution for Possession of Real Property*, *in* Lane App. at 453.

The Costs Order noted that Debtor did not appear at the hearing, but did not grant relief based on Debtor's failure to appear as the Trustee proposed. Instead, the Costs Order noted that the court had considered Debtor's written objection and the record in granting the relief.

Debtor filed a request for reconsideration and rehearing,[25] arguing that he should not have been precluded from participating in the telephonic hearing due to technical problems. The bankruptcy court treated the request as a motion under Federal Rule of Civil Procedure 59(e) and entered an order on November 12, 2014 ("Rule 59(e) Order").[26] In that order, the court found that the clerk's office attempted to contact Debtor at both the phone number he had orally given to the clerk's office shortly before the scheduled hearing and at a slightly different phone number shown on a recent pleading. Debtor could not be reached at either number. Because Debtor did not assert any manifest error of law, newly discovered evidence, or change in controlling law, the Rule 59(e) Motion was denied. Debtor timely filed a notice of appeal of the Costs Order and the Rule 59(e) Order on November 20, 2014.

On appeal, Debtor makes largely the same arguments he made below about the amount of the awarded fees and costs. He also argues that the bankruptcy court erred in not holding an evidentiary hearing on the Bill of Costs and in denying his motion for

---

[25] *Debtor's Request for Reconsideration and Rehearing on Trustee's Bill of Costs for Reasonable and Necessary Costs to Enforce a Writ of Possession Due to Technical Problems*, *in* Lane App. at 455.

[26] *Order Denying Debtor's Request for Reconsideration and Rehearing on Trustee's Bill of Costs for Reasonable and Necessary Costs to Enforce a Writ of Possession Due to Technical Problems*, *in* Lane App. at 458.

reconsideration.

In addition, Debtor challenges the Possession Order,[27] but those issues will not be considered in this appeal. The Possession Order was previously appealed to this Court, and then to the Tenth Circuit. Both times, Debtor's appeals were dismissed for failure to prosecute.[28] Debtor cannot now challenge the propriety of the relief granted in the Possession Order or renew the arguments he made in those appeals.[29]

The Trustee argues that Lane was not entitled to an evidentiary hearing and that all of the costs were reasonable and necessary. The Trustee also argues that the motion for reconsideration was properly denied.

## II.  Jurisdiction and Standard of Review

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[30] Neither party elected to have this appeal heard by the United States District Court. The parties have therefore consented to appellate review by this Court.

The Costs Order and the Rule 59(e) Order fully and finally resolved the parties'

---

[27] Included in Debtor's "Issues on Appeal." Appellant's Opening Brief ¶¶ 1-3, 5, 8, 10-11, at 6-7.

[28] *See supra* notes 12-13.

[29] *Cf. In re K.D. Co.*, 254 B.R. 480, 490 (10th Cir. BAP 2000) (concluding confirmation order that was not appealed was binding under principles of res judicata and could not be collaterally attacked in subsequent proceeding). In his reply brief, Debtor acknowledged that the appeal concerns the Costs Order and not the Possession Order. Appellant's Reply Brief at 10.

[30] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8001(e) (*now at* Fed. R. Bankr. P. 8005, effective Dec. 1, 2014); 10th Cir. BAP L.R. 8001-3 (*now at* 10th Cir. BAP L.R. 8005-1, effective Dec. 1, 2014).

disputes concerning the reasonableness and necessity of the costs sought by the Trustee. They therefore are final orders for purposes of appeal.[31] Debtor timely appealed those orders. This Court, therefore, has jurisdiction over the appeals.

The Court reviews an award of costs only for an abuse of discretion.[32] The Court likewise reviews a denial of a Rule 59(e) motion for an abuse of discretion.[33]

## III. Discussion

**A.** **Except with respect to the costs for cleaning services, the Bankruptcy Court did not abuse its discretion by taxing to Debtor the fees and costs stated in the Bill of Costs.**

The Possession Order provided that the Trustee could submit a bill of costs "for any and all reasonable costs and expenses (excluding attorneys' fees) incurred in connection with this order and possession of the Real Properties, which costs shall be taxed against the Debtor upon court approval."[34] The Bill of Costs was accompanied by an affidavit of counsel stating that the costs met the foregoing standard. The court reviewed the record and Debtor's written objection when awarding the costs requested.

An award of costs is made in the discretion of the court, and review of an award is

---

[31] *See Am. Soda, L.L.P., v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 924 (10th Cir. 2005) (observing that award of attorney fees is final and appealable when reduced to sum certain). At the hearing, the bankruptcy court denied the requested future storage costs, telling the Trustee's counsel that future costs would have to be the subject of another hearing. The Trustee has not appealed this ruling. The specter of another hearing on future costs does not make the Costs Order interlocutory because it has all the elements of finality for then-existing costs, including a provision allowing the Trustee to exercise collection rights if the costs are not paid in twenty-one days.

[32] *In re Williams Sec. Litig. — WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009).

[33] *Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1287 (10th Cir. 2003) (order denying Rule 59(e) motion reviewed for abuse of discretion).

[34] *Possession Order* at 2, *in* Lane App. at 329.

10

governed by the abuse of discretion standard.[35]  A trial court abuses its discretion "where it commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling."[36]

### 1.  The Bankruptcy Court did not abuse its discretion by not holding an evidentiary hearing on the Bill of Costs.

There is no statute or rule requiring an evidentiary hearing on the Trustee's Bill of Costs.  The Possession Order states that the Trustee may file a Bill of Costs pursuant to Federal Rule of Bankruptcy Procedure 7054.  Subsection (b)(1) of that rule, "Costs Other Than Attorney's Fees," provides that "[c]osts may be taxed by the clerk on 14 days' notice; on motion served within seven days thereafter, the action of the clerk may be reviewed by the court."[37]

In this case, the Bill of Costs was reviewed by the court.  It was supported by the affidavit of the Trustee's counsel stating that the costs were incurred in connection with the two evictions of Debtor, and were reasonable and appropriate under the circumstances.  In further support of the application, the Trustee's counsel responded to the court's inquiries at the telephonic hearing.

Debtor's objection to the Bill of Costs and his supporting statement first challenged the need for the actions of the U.S. Marshals.  But that basis for objection was foreclosed since the actions of the U.S. Marshals were in accord with the Possession Order.  Debtor's

---

[35] *In re Williams Secs. Litig. — WCG Subclass*, 558 F.3d  at 1148.
[36] *Elephant Butte Irrigation Dist. of N.M. v. U.S. Dept. of Interior*, 538 F.3d 1299, 1301 (10th Cir. 2008) (quoting *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1299 (10th Cir. 2006)).
[37] Fed. R. Bankr. P. 7054(b)(1).

objection to the amount of the expenses was based primarily upon his personal belief that some of the charges were unnecessary or excessive. The record does not contain a request for an evidentiary hearing. In his pleadings, Debtor did not offer to provide documentary evidence or third-party testimony in support of his objection. There is no basis in the record to conclude that if an evidentiary hearing had been held, there would have been evidence other than that contained in Debtor's statement in support of his objection, which was already before the court.

Further, the Bankruptcy Court arguably could have granted the Bill of Costs without any hearing based solely on Debtor's failure to appear, but the court elected not to do that. Instead, the court conducted a nonevidentiary hearing and ruled after considering the record and Debtor's written objection. Under the bankruptcy court's local rules, "[u]nless excused by the Court from attending, the failure of counsel or *pro se* party to be present at a scheduled hearing will be deemed a waiver of the motion or consent to the relief requested."[38] The bankruptcy court attempted to call Debtor for the hearing, but it appears that Debtor gave the wrong telephone number initially, and also listed an incorrect telephone number on some of his pleadings. As the bankruptcy court noted in the Rule 59(e) Order, Debtor was responsible for being available for the call and keeping the court informed of his current contact information.[39] Even though it would have been a harsh result considering Debtor's written objection, the court could have entered a default order

---

[38] Wyoming LBR 9013-1(B)(1).
[39] *Rule 59(e) Order*, at 2, *in* Lane App. at 459 (citing Wyoming LBR 9074-1 & 9011-2); *see also* Wyoming LBR 9004-1(B) (requiring telephone number and address on pleading for person signing it).

deeming Debtor to have consented to the Bill of Costs.

We find that the bankruptcy court did not abuse its discretion by ruling on the Bill of Costs without holding an evidentiary hearing.

**2.      There was a rational basis for the taxation of $26,139.50 as costs, except for the award of $2,415.00 for JMC Professional Cleaning Services and $688.00 for Carpet Solutions.**

The Possession Order directed the U.S. Marshals Service to enforce the Lane Settlement Agreement; directed the Trustee or his agents to accompany the U.S. Marshals Service to take possession of the residences; authorized the Trustee to hire and pay all reasonable costs for a locksmith to assist in taking possession; and authorized the Trustee to remove and store any personal property located in or on the real properties and to pay all reasonable and necessary related costs of doing so.  It further provided the Trustee could file a bill of costs "for any and all reasonable costs and expenses (excluding attorneys' fees) incurred in connection with this order and possession of the Real Properties, which costs shall be taxed against the Debtor upon court approval."[40]  The expenses incurred for the services of the U.S. Marshals Service, locksmiths, movers, and storage are clearly within the scope of reimbursable expenses.  Further, the bankruptcy court did not abuse its discretion by assessing the costs of Cathy O'Shea and Susan Pate.  At argument on the Bill of Costs, these costs were explained to be for the services of real estate agents who accompanied the U.S. Marshals, as authorized by the Possession Order.  Likewise, there was no abuse of discretion in awarding the costs for OneEyedBird Marketing, which provided a video inventory of the personal property in the Wyoming Property.

---

[40] *Possession Order,* at 2, *in* Lane App. at 329.

However, the Court does not find a rational basis for the award of $2,415.00 for JMC Professional Cleaning Services and $688.00 for Carpet Solutions, both of which provided cleaning services. At the bankruptcy court hearing, counsel for the Trustee stated that the cleaning costs were incurred because the properties needed cleaning to be put into a condition to be sold. Counsel repeated this position at oral argument before this Court. The Debtor contended in his objection that the "Trustee fails to explain why cleaning costs and carpet costs were necessary to take possession of the properties."[41] Before this Court, Debtor again contended that the award of these costs was not correct.

The record does not contain a legal basis for the award of cleaning costs. The Possession Order does not require that the properties be placed in sale condition. Paragraph 7 of the Lane Settlement Agreement, which is the basis for the Possession Order, does not require that the properties be in condition for sale when the Trustee takes possession.[42] Further, the Lane Settlement Agreement states that "the Trustee shall be responsible for paying the expenses of maintaining and preserving the [California] and [Wyoming] Properties until they are sold."[43] A trustee is customarily awarded such costs as part of the costs of selling estate property. We therefore conclude that the bankruptcy court abused its discretion by taxing the cleaning costs under the Possession Order because there was no legal basis for the taxation.

### B. The bankruptcy court did not abuse its discretion by denying Lane's request for reconsideration and rehearing.

---

[41] *Debtor's Opposition to Trustee's Bill of Costs*, at 9, *in* Lane App. at 379.
[42] *Lane Settlement Agreement*, at 5-6, *in* Trustee App. at 317-18.
[43] *Lane Settlement Agreement* ¶ 7, at 6, *in* Trustee App. at 318.

Debtor argues that the bankruptcy court abused its discretion by entering the Rule 59(e) Order and not giving him another chance to appear at a telephonic hearing once his "technical problems" were resolved. But Debtor does not explain what—if anything—he could have added at a telephonic hearing that was not already contained in his written objection. A court "does not abuse its discretion when it fails to hold a hearing at which the parties will simply reiterate arguments they already have made in their briefs."[44]

## IV. Conclusion.

We affirm the bankruptcy court in part. The bankruptcy court did not abuse its discretion by taxing to Debtor the fees and expenses stated in the Bills of Costs, except for the cleaning charges of $2,415.00 for JMC Professional Cleaning Services and $688.00 for Carpet Solutions; together, these costs total $3,103.00. The bankruptcy court did not abuse its discretion by not holding an evidentiary hearing on the Bill of Costs or by denying Debtor's motion for reconsideration of the taxation of costs.

The Order Granting Trustee's Bill of Costs Pursuant to Order and Writ of Execution for Possession of Real Property is vacated, and the case is remanded to the bankruptcy court for entry of an order consistent with this opinion.

---

[44] *Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998).